7297

## WEINBERG v. ATLANTIC COAST LINE R. R. CO.

1. DEPOSITION TO BE USED IN MAGISTRATE COURT, sealed in an envelope, title endorsed on it, mailed with postage prepaid and received by magistrate, is compliance with the statute.

2. CARRIER—FREIGHT—PENALTY.—Filing claim for one-fifth of a cent more than damage proved and recovered does not deprive plaintiff of penalty for failure of carrier to adjust claim for damages to freight.

3. APPEAL.—Exception based on issue which had not been called to attention of magistrate, will not be considered.

4. CARRIER—FREIGHT—PENALTY.—The evidence here tended to show the damage to consignee was based on value of freight at point of shipment with freight added, and on this showing consignee is entitled to penalty.

Before WILSON, J., Sumter, July, 1908. Affirmed.

Action by Sam Weinberg against Atlantic Coast Line Railroad Company. From Circuit judgment affirming judgment of magistrate, H. L. B. Wells, defendant appeals.

*Messrs. P. A. Willcox* and *Mark Reynolds,* for appellant. *Mr. Reynolds* cites: *The bill of lading is the contract in the case:* 19 S. C., 353; 62 S. C., 414; 73 S. C., 289; 79 S. C., 159.

*Messrs. Lee & Moise, contra,* cite: *Stipulation as to value in bill of lading is not binding when it denies to shipper recovery in case of loss of freight paid in addition to value of goods:* 6 Cyc., 401; 65 N. W., 458; 72 N. W., 823; 40

L. R. A., 350. *Nor is shipper bound by such stipulation, when not signed by him:* 73 S. C., 140; 39 S. C., 55; 112 U. S., 331.

October 5, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced before a magistrate to recover damages for the loss of two rolls of bagging of the value of seven dollars and nineteen cents, together with forty-six cents freight actually paid thereon, being the *pro rata* of the freight paid on the whole shipment from Norfolk, Va., to Wedgefield, S. C., and also for the penalty of fifty dollars for failure to pay the claim within the time required by the statute.

The magistrate rendered judgment in favor of the plaintiff for the sum of $7.65, with interest thereon, and for the penalty of $50, together with the costs of the action.

This judgment was affirmed, on appeal to the Circuit Court, whereupon the defendant appealed to this Court upon exceptions, the first of which is as follows:

"Because his Honor, the Circuit Judge, erred in sustaining the judgment of the magistrate in admitting deposition of the witness, taken in Norfolk, Va., over the objection of defendant's counsel, there being no seal of the notary, as required by law, across the flap of the envelope, nor was the name of the notary indorsed across same, nor the title of the cause; whereas, said magistrate should have ruled out said deposition."

This testimony was taken under section 992 of the Code of Laws, which provides: That "when such examination is so made by another it shall be sealed up, with the title of the case indorsed, and conveyed by a disinterested person to the magistrate authorizing the same, or mailed and the postage prepaid."

The envelope was sealed up, the title of the case indorsed thereon, was mailed to the magistrate, with the postage prepaid, and received by him, thus fully complying with the

requirements of the statute, as will be seen by reference to the case of *Jenkins* v. *Ry., infra,* 473.

Furthermore, the testimony taken by commission was not essential to the plaintiff in making out his case.

The second and third exceptions were abandoned.

The fourth exception is as follows : "Because his Honor erred in affirming the judgment of the magistrate, in not holding and finding that the plaintiff could not recover $7.65, as the claim filed should have been for $7.64 4-5, and such was the testimony of the plaintiff, and the recovery of the penalty, $50.00, depending upon the fact of recovery of the full amount of the claim filed by the plaintiff, no penalty should be allowed in this case."

The case of *White Laundry Co.* v. *R. R., infra,* 209, shows that this exception cannot be sustained.

The last exception is as follows : "Because his Honor erred in sustaining the judgment of the magistrate (who erred), in not holding that the value of the bagging, at the point of shipment, was the basis on which plaintiff's loss should be decided, and not on the delivered value and freight added, at the point of destination, and the magistrate erred in awarding any penalty in this case."

This exception can not be sustained, for the reason that the magistrate was not requested to rule upon the question therein mentioned ; and for the further reason that the appellant's attorney, on cross-examination of the plaintiff, brought out the facts, without objection, that two rolls of bagging at Wedgefield, S. C., according to the invoice price, was $7.18 4-5, and that 46 cents was the proportion of the freight on two rolls of bagging.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.